UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DONNA HEDGES, on behalf of herself and all others similarly situated,

                Plaintiff,

-against-

CIRE TRUDON USA, INC.,

                Defendant.

**ORDER**

20 Civ. 1771 (PGG) (KNF)

---

PAUL G. GARDEPHE, U.S.D.J.:

      This action is brought under the Americans with Disabilities Act.  The Complaint was filed on February 28, 2020.  (Cmplt. (Dkt. No. 1))  On March 12, 2020, Plaintiff Donna Hedges filed an affidavit of service with respect to Defendant Cire Trudon USA, Inc.  (Dkt. No. 6)  Defendant did not file an answer or otherwise respond to the Complaint, and has not appeared.

      In an April 16, 2021 order, the Court directed Plaintiff to move for a default judgment by April 30, 2021.  (Dkt. No. 7)  The Court warned that if Plaintiff did not move for a default judgment by that date, "this case will be dismissed for failure to prosecute."  (Id.)  Plaintiff has not responded in any fashion to the April 16, 2021 order.

      District courts may dismiss actions for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 41(b).

> In considering the dismissal of an action under Rule 41(b) for failure to prosecute, a district court must consider: "(1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and (5) whether the judge has adequately assessed the efficacy of lesser sanctions."  LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir.

2001). . . . No single factor is dispositive and a court must weigh all five factors in determining whether dismissal is appropriate. See United States ex rel. Drake v. Norden Sys., 375 F.3d 248, 254 (2d Cir. 2004).  Dismissal is a "harsh remedy to be utilized only in extreme situations." Id. (quoting Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993)).

Salem v. City of New York, No. 16 CIV. 7562 (JGK), 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017) (collecting cases) (alterations omitted).

As to the first factor, Plaintiff's inaction spans nearly four months.  On April 16, 2021, the Court ordered Plaintiff to move for a default judgment by April 30, 2021.  (Dkt. No. 7)  That deadline passed almost four months ago with no action by Plaintiff.  Accordingly, the first factor supports dismissal.  See Salem, 2017 WL 6021646, at *2; Avila v. Comm'r of Social Security, 15-cv-2456, 2016 WL 1562944, at *3 (S.D.N.Y. Apr. 18, 2016).

As to the second factor, this Court's April 16, 2020 Order warned Plaintiff that her claims would be dismissed for failure to prosecute if she did not move for a default judgment.  (Dkt. No. 7)  The second factor thus also favors dismissal.

As to the third factor, "[t]he Court can presume that the defendant[] [has] been prejudiced and will continue to be by further delay whereas here the plaintiff has already been unresponsive for a long period of time." Beauford v. Doe #1, No. 04-cv-7533, 2007 WL 549432, at *1 (S.D.N.Y. Feb. 16, 2017).

As to the fourth factor, this Court sought to protect Plaintiff's right to due process by warning that her failure to move for a default judgment would result in the dismissal of her claims.  (Dkt. No. 7)

As to the fifth factor, dismissal is the appropriate sanction.  "The Court has no reason to suspect that Plaintiff would be responsive if lesser sanctions or court orders were imposed.  Given that Plaintiff has . . . failed to respond to orders of this Court, lesser sanctions

would be useless."  Ctr. for Monitoring Impact of Peace, Inc. v. Ctr. for Monitoring Impact of Peace, R.A., No. 06 CIV 2390 LAP, 2010 WL 3958823, at *3 (S.D.N.Y. Sept. 24, 2010) (citing Feurtado v. City of New York, 225 F.R.D. 474, 480 (S.D.N.Y. 2004) ("[R]epeated violation of orders of this Court leads to the inexorable conclusion that no sanction short of dismissal would effectively address [plaintiff's] conduct.")); Smith v. Human Res. Admin., No. 91 Civ. 2295, 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) ("[L]esser sanctions are not appropriate . . . [because c]ourt orders and direction have not prompted plaintiff to move her case forward.").

Having considered the relevant factors, the Court concludes that this action is properly dismissed for failure to prosecute.

Accordingly, Plaintiff's claims are dismissed without prejudice.  The Clerk of Court is directed to terminate any pending motions and to close this case.

Dated: New York, New York
       August 25, 2021

SO ORDERED.

_Paul G. Gardephe_

Paul G. Gardephe
United States District Judge